Justice Ketchum, dissenting:
In Syllabus Point 6 of Burgess v. Moore,[1] this Court incorrectly held that W.Va. Code § 7-14C-3 (1995) (Repl. Vol. 2006) contemplates two distinct types of hearings for a deputy sheriff facing discharge, suspension, or reduction in rank or pay. I would overrule Syllabus Point 6 of Burgess because it is an incorrect statement of law.
The clear language of W.Va. Code § 7-14C-3 contemplates one hearing before the Civil Service Commission for a deputy sheriff who has been discharged, suspended, or made subject to reduced rank or pay. It provides, in pertinent part and with emphasis added, that:
(a) If the investigation or interrogation of a deputy sheriff results in the recommendation of some punitive action, then, before taking punitive action the sheriff shall give notice to the deputy sheriff that he or she is entitled to a hearing on the issues by a hearing board.....
(b) The hearing shall be conducted by the hearing board of the deputy sheriff except that in the event the recommended punitive action is discharge, suspension, or reduction in rank or pay, and the action has been taken, the hearing shall be pursuant to the provisions of section seventeen, article fourteen of this chapter, if applicable.
Subsection (b) above refers to W.Va. Code § 7-14-17 (1996) (Repl. Vol. 2015). It requires that there be one post-disciplinary hearing before the Civil Service Commission for a deputy sheriff who has been discharged, suspended, or made subject to reduced rank or pay.
*290 Under their plain terms, W.Va. Code § 7-14C-3(b) and W.Va. Code § 7-14-17 allow only one hearing before the Civil Service Commission when the punitive action against a deputy sheriff involves discharge, suspension, or reduced rank or pay. Lesser punitive actions are heard before a hearing board comprised of fellow officers with an appeal to the Civil Service Commission. W.Va. Code §§ 7-14C-3, - 5. In this case, where the deputy sheriff was suspended, there should have been only one hearing in front of the Civil Service Commission.
"It is not for this Court arbitrarily to read into a statute that which it does not say." Syllabus Point 11, in part, Brooke B. v. Ray.[2] Because W.Va. Code § 7-14C-3 and W.Va. Code § 7-14-17 allow only one hearing before the Civil Service Commission where the deputy sheriff has been discharged, suspended, or made subject to reduced rank or pay, I would reverse Syllabus Point 6 of Burgess. I dissent.

" 'Hearing board' means a board which is authorized by the sheriff to hold a hearing on a complaint against a deputy sheriff and which consists of three members, all to be selected from deputy sheriffs within that agency, or law-enforcement officers or firefighters of another agency with the approval of the sheriff and who have had no part of the investigation or interrogation of the deputy sheriff under investigation." W.Va. Code § 7-14C-1(4) (2015).

See W.Va. Code § 7-14-3 (2015) (establishing civil service commission for deputy sheriffs in each county); W.Va. Code § 7-14-6 (2015) (setting forth powers and duties of deputy sheriffs civil service commission).